# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAURICE KING, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:05CV1550(SNL) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Maurice King to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

## Background

Movant pled guilty to two counts of possessing with intent to distribute cocaine base and two counts of possessing with intent to distribute marijuana. See United States v. Maurice King, No. 4:02CR434(SNL) (E.D. Mo.). On April 17, 2003, movant was sentenced to 108 months imprisonment and four years supervised release. Id. Movant did not appeal either his conviction or his sentence.

## The motion

Movant alleges that his conviction and sentence are invalid because the sentencing enhancements violated his sixth amendment rights. See Booker v. United States, 125 S. Ct. 738 (2005).

**Discussion**

Title 28 U.S.C. § 2255 now provides that a one-year period of limitations applies to § 2255 motions. Because movant did not appeal his conviction and sentence, he had until approximately April 17, 2004, to file a § 2255 motion. The instant § 2255 motion was not filed until September 23, 2005. Therefore, the instant § 2255 motion is time barred.

Additionally, the Supreme Court's decision in <u>Booker</u> does not apply retroactively to cases on collateral review. <u>See Never Misses A Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DISMISSED**, with prejudice.

An appropriate order shall accompany this memorandum and order.

Dated this 26th day of October, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**